Lynn L. Tavenner (VSB No. 30083)
Paula S. Beran (VSB No. 34679)
TAVENNER & BERAN, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
(804) 783-8300
Attorneys for the Debtor in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------x
In re                                              :        Chapter 11
                                                   :
S & K Famous Brands, Inc.,                         :        Case No. 09-30805 (KRH)
                                                   :
            Debtor.                                :
---------------------------------------------------------x

**NOTICE OF THE DEBTOR'S FOURTH OMNIBUS
OBJECTION TO CERTAIN SATISFIED CLAIMS**

  **PLEASE TAKE NOTICE THAT** the above-captioned Debtor (the "Debtor") filed the Debtor's Fourth Omnibus Objection to Certain Satisfied Claims (the "Omnibus Objection") with the Bankruptcy Court. A copy of the Omnibus Objection is attached to this notice (this "Notice") as Exhibit 1. By the Omnibus Objection, the Debtor is seeking to disallow Claims (as defined herein) on the ground that the Claims have already been paid or otherwise satisfied pursuant to orders of this Court and/or as provided under the Bankruptcy Code and Bankruptcy Rules.

  **PLEASE TAKE FURTHER NOTICE THAT** on July 15, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objection (Docket No. 429) (the "Order"), by which the Bankruptcy Court approved procedures for filing Omnibus Objection to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 case (the "Omnibus Objection Procedures").

  Specifically, the Omnibus Objection seeks to disallow claims, including your claim(s), listed below:

| TO: | | Claim Number | Claim Amount | |
|---|---|---|---|---|
| [Claimant Name] [Claimant Address] | [1] | Claim to Be Disallowed | | |

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST THE DEBTOR IN THE ABOVE-CAPTIONED CHAPTER 11 CASE IS SUBJECT TO THE OBJECTION. YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY WITHIN 30 DAYS OF THE SERVICE OF THIS OBJECTION, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

**Critical Information for Claimants
Choosing to File a Response to the Omnibus Objection**

Who Needs to File a Response: If you oppose the disallowance of your claim(s) listed above and if you are unable to resolve the Omnibus Objection with the Debtor before the deadline to object, then you must file and serve a written response (the "Response") to the Omnibus Objection in accordance with this Notice.

If you do not oppose the disallowance of your claim(s) listed above, then you do not need to file a written Response to the Omnibus Objection and you do not need to appear at the hearing.

Response Deadline: The Response Deadline is **4:00 p.m. (Eastern Time) on November 30, 2009 (the "Response Deadline").**

---

[1] Personalized claims information is included in the personalized Notices served on the Claimants listed in Exhibit B to the Omnibus Objection.

2

THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.

Your Response will be deemed timely filed only if the Response is **<u>actually received</u>** on or before the Response Deadline by the Bankruptcy Court at the following address:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street - Room 4000
Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by:

Lynn L. Tavenner (VSB No. 30083)
Paula S. Beran (VSB No. 34679)
TAVENNER & BERAN, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Attorneys for the Debtor in Possession

Jeffrey N. Pomerantz, Esquire
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, CA  90067
Attorney for the Official Committee
Of Unsecured Creditors

The status hearing on the Omnibus Objection will be held at **<u>10:00 a.m. prevailing Eastern Time on December 1, 2009 at</u>:**

United States Bankruptcy Court
701 East Broad Street - Courtroom 5100
Richmond, Virginia 23219

If you file a timely Response, in accordance with the Omnibus Objection Procedures, you do not need to appear at the status hearing on the Omnibus Objection.

**Procedures for Filing a Timely Response
and Information Regarding the Hearing on the Omnibus
Objection**

**Contents.** To facilitate a speedy and non-judicial resolution of a Claim subject to an Omnibus Objection, any claimant filing a Response shall use its best efforts to include the

3

following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

1. a caption setting forth the name of the Bankruptcy Court, the name of the Debtor, the case number and the title of the Omnibus Objection to which the Response is directed;

2. the claimant's name and an explanation for the amount of the Claim;

3. a concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection, including, without limitation, the specific factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection. The response should identify a person with personal knowledge of the relevant facts that support the Response;

4. a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Omnibus Objection at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

5. the claimant's name, address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of your attorney and/or designated representative to whom the attorneys for the Debtor should serve a reply to the Response, if any (collectively, the "Notice Addresses"). If a Response contains Notice Addresses that are different from the name and/or address listed on the Claim, the Notice Addresses will control and will become the service address for future service of papers with respect to all of your Claims listed in the Omnibus Objection (including all Claims to be disallowed and the surviving claims) and only for those Claims in the Omnibus Objection.

**Additional Information.** To facilitate a resolution of the Omnibus Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Omnibus Objection on the claimant's behalf (the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will <u>not</u> become the service address for future service of papers.

**Failure to File Your Timely Response.** If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Debtor will present to the Bankruptcy Court an appropriate order granting the relief requested in the Omnibus Objection <u>without further notice</u> to you.

**Each Objection Is a Contested Matter.** Each Claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by

Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information.** You may also obtain a copy of the Omnibus Objection or related documents on the Internet, by accessing the website of the Debtor at www.kccllc.net.

**Reservation of Rights.** Nothing in this Notice or the Omnibus Objection constitutes a waiver of the Debtor's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you of the Debtor. Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Debtor have the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtor) at a later date. In such event, you will receive a separate notice of any such objections.

Dated: October 27, 2009
      Richmond, Virginia

                                                                */s/ Paula S. Beran*
                                        Lynn L. Tavenner (VSB No. 30083)
                                        Paula S. Beran (VSB No. 34679)
                                        TAVENNER & BERAN, PLC
                                        20 North 8th Street, Second Floor
                                        Richmond, Virginia 23219
                                        (804) 783-8300

                                        Attorneys for the Debtor in Possession

Lynn L. Tavenner (VSB No. 30083)
Paula S. Beran (VSB No. 34679)
TAVENNER & BERAN, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
(804) 783-8300
Attorneys for the Debtor in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| ---------------------------------------------------------x | | |
| In re | : | Chapter 11 |
| | : | |
| S & K Famous Brands, Inc., | : | Case No. 09-30805 (KRH) |
| | : | |
| Debtor. | : | |
| ---------------------------------------------------------x | | |

## DEBTOR'S FOURTH OMNIBUS OBJECTION TO CERTAIN SATISFIED CLAIMS

The debtor and debtor in possession (the "Debtor") hereby files its Fourth Omnibus Objection to Certain Satisfied Claims (the "Objection"), and hereby moves this Court, pursuant to sections 105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for an order, the proposed form of which is attached hereto as Exhibit A, granting the relief sought by this Objection, and in support thereof state as follows:

### Jurisdiction

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of this case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are sections 105 and 502 of

the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002(a), 3007, 7004, 9006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules").

## BACKGROUND

3. On February 9, 2009 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor continues to manage and operate its business as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. No trustee or examiner has been appointed in this chapter 11 case.

6. On February 11, 2009, the Office of the United States Trustee filed a Notice of Appointment of Official Committee of Unsecured Creditors (Docket No. 66), which listed the members of the Official Committee of Unsecured Creditors (the "Committee").

7. On March 11, 2009, the Court entered that certain Order Pursuant To Bankruptcy Code Sections 105(a), 501, 502, 503, And 1111(a), Bankruptcy Rules 2002(a), 3003(c), And 5005(a), And Local Rules 2002-1 And 3003-1: (I) Establishing Bar Dates And (II) Approving Form And Manner Of Notice Of Bar Dates For Creditors To File Proofs Of Claim. (Docket No. 225) (the "Claims Bar Date Order").

8. Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 101(5)) arising before February 9th 2009 against the Debtor by any non-governmental entity was by April 27, 2009 (the "General Bar Date"). The deadline for governmental entities to file claims that arose before February 9th 2009 is 180 days from the Petition Date.

7

9. On May 12, 2009, the Court entered an order authorizing the Debtor to conduct auctions for a sale or sales of the Debtor's businesses as a going concern or for liquidation. At the conclusion of the auction, the Debtor's determined that the highest and otherwise best bid was that of Gordon Brothers Retail Partners, LLC (the "Agent"). On May 20, 2009, the Court approved the Agent's bid and authorized the Debtor to conduct going out of business sales at the Debtor's remaining stores. The Agent commenced going out of business sales at the Debtor's remaining stores on May 21, 2009.

10. On July 15, 2009, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (Docket No. 429) (the "Omnibus Objection Procedures Order").

## OBJECTION TO CLAIMS

11. As more particularly described herein, and as further illustrated in Exhibits B (alpha order) and C (numerical order) attached hereto, the Debtor seeks in this Objection the disallowance of certain satisfied claims (the "Claims"), all as further described herein and pursuant to the form of order attached hereto as Exhibit A.

12. The Claims that are the subject of this Objection may be the subject to additional subsequently filed objections.

13. The Debtor reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and on any other grounds. The Debtor reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

14. Attached as Exhibit B is an alphabetical listing of all claimants included in this Objection, with a cross- reference by claim number. Attached as Exhibit C is a numerical listing

of all claims included in this Objection, with a cross- reference by claimant listing. See Rule 3007(e) (1) and (2).

## SATISFIED CLAIMS

15.     The basis for this Objection is that the Claims have already been paid or otherwise satisfied pursuant to orders of this Court and/or as provided under the Bankruptcy Code and Bankruptcy Rules.   In addition, this Objection is filed in accordance with the Omnibus Objection Procedures Order.

16.     The Debtor reserves the right to object to all of the claims set forth in this Objection on any other grounds at any time.

## NOTICE AND PROCEDURE

17.      Notice of this Objection has been provided to all Claimants with Claims that are the subject to this Objection as identified on Exhibits B and C in accordance with the Omnibus Objection Procedures Order, and to parties-in-interest in accordance with the Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 51) (the "Case Management Order"). The Debtor submits that the following methods of service upon the Claimants should be deemed by the Court to constitute due and sufficient service of this Objection: (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for a Claimant is not known to the Debtor, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the Debtor's

bankruptcy case. The Debtor is serving the Claimant with this Objection and the Exhibit(s) on which the Claimant's claim is listed. This service is consistent with the Omnibus Objection Procedures Order.

18. To the extent any Claimant timely files and properly serves a response to this Objection by **4:00 p.m. (Eastern Time) on November 30, 2009** as required by the Case Management Order, Omnibus Objection Procedures Order, and under applicable law, and the parties are unable to otherwise resolve the Objection, the Debtor requests that the Court conduct a status conference with respect to any such responding Claimant at 10:00 a.m. on December 1, 2009 and thereafter schedule the matter for a future hearing as to the merits of such claim. However, to the extent any Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Debtor requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, disallowing and/or modifying such Claimant's claim(s) for all purposes in this bankruptcy case.

## WAIVER OF MEMORANDUM OF LAW

19. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Objection, the Debtor requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

20. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtor requests the Court to enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: October 27, 2009
      Richmond, Virginia

                                        */s/ Paula S. Beran*
Lynn L. Tavenner (VSB No. 30083)
Paula S. Beran (VSB No. 34679)
TAVENNER & BERAN, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
(804) 783-8300

Attorneys for the Debtor in Possession

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above and foregoing Debtor's Fourth Omnibus Objection to Certain Satisfied Claims was served via United States mail, first-class, postage prepaid and/or by electronic delivery to all of the Claimants identified in Exhibits B and C and to parties on the Primary Service List (as defined in the Case Management Order) on or before the 28th day of October, 2009.

                                                    */s/ Paula S. Beran*
                                        Lynn L. Tavenner (VSB No. 30083)
                                        Paula S. Beran (VSB No. 34679)
                                        TAVENNER & BERAN, PLC
                                        20 North 8th Street, Second Floor
                                        Richmond, Virginia 23219
                                        (804) 783-8300

**EXHIBIT A**
**PROPOSED ORDER**

Lynn L. Tavenner (VSB No. 30083)
Paula S. Beran (VSB No. 34679)
TAVENNER & BERAN, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
(804) 783-8300
Attorneys for the Debtor in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------x
In re                                    :    Chapter 11
                                         :
S & K Famous Brands, Inc.,               :    Case No. 09-30805 (KRH)
                                         :
              Debtor.                    :
---------------------------------------------------------x

**ORDER SUSTAINING DEBTOR'S FOURTH OMNIBUS**
**OBJECTION TO CERTAIN SATISFIED CLAIMS**

This matter having come before the Court in the Debtor's Fourth Omnibus Objection to Certain Satisfied Claims (the "Objection")[1]; and it appearing that the relief requested in the Objection is in the best interests of the Debtor's estate, its creditors and other parties in interest; the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; proper notice of the Objection having been provided to all necessary and appropriate parties, including pursuant to the Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures entered by the Court on February 10, 2009, and no further notice

---
[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

14

being necessary; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED and DECREED that

1. The Objection is granted as provided herein.

2. The Claims identified in Exhibit A as attached hereto and incorporated herein are forever disallowed for all purposes in this case.

3. The Court will conduct a status conference on _____ at _____ for **all other Claims** identified on Exhibits B and C attached hereto and not identified on Exhibit A attached hereto.

4. The Debtor's claims and noticing agent, Kurtzman Carson Consultants LLC, is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

6. The Debtor shall cause to be served this Order on all Claimants with claims that are the subject to this Order in accordance with the Omnibus Objection Procedures Order, and to parties-in-interest in accordance with the Court's Case Management Order.

Dated: Richmond, Virginia  
December __, 2009

_____  
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

_____  
Lynn L. Tavenner (VSB No. 30083)  
Paula S. Beran (VSB No. 34679)  
TAVENNER & BERAN, PLC  
20 North 8th Street, Second Floor  
Richmond, Virginia 23219  
(804) 783-8300  
Attorneys for the Debtor in Possession

16

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022- (C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

_____

| | | | | | Expunged Claims | | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name | Nature | ClaimType | General Unsecured | Priority | Secured | Total Claim Amount |
| 4/20/09 | 483 | AMUNE, STELLA | Priority | Wage Claim | | $ 1,063.18 | | $ 1,063.18 |
| 3/3/09 | 340 | Arkansas Dept of Finance and Admin | Priority | Tax Claim | | 1,094.00 | | 1,094.00 |
| 4/13/09 | 427 | BECKER, ROBERT J | Priority | Wage Claim | | 500.00 | | 500.00 |
| 4/21/09 | 499 | BFI Waste Systems of North America LLC | General Unsecured | Utility Claim | 4,676.79 | | | 4,676.79 |
| 4/7/09 | 381 | BROWN, ADDIE M | General Unsecured | Wage Claim | - | | | - |
| 4/14/09 | 433 | CHARLES B BELCH | Priority | Wage Claim | | 696.38 | | 696.38 |
| 3/23/09 | 230 | CITY OF CHESAPEAKE | Priority | Tax Claim | | 1,718.60 | | 1,718.60 |
| 2/13/09 | 7 | City of Memphis TN | Secured | Tax Claim | | | 815.00 | 815.00 |
| 3/17/09 | 528 | CITY OF ROCKY MOUNT | General Unsecured | Utility Claim | 1,828.00 | | | 1,828.00 |
| 4/1/09 | 364 | Cumberland County Tax Collector | Priority | Tax Claim | | 460.48 | | 460.48 |
| 4/2/09 | 374 | DAVID W KURTZ | Priority | Wage Claim | | 114.98 | | 114.98 |
| 4/3/09 | 527 | Empire District | General Unsecured | Utility Claim | 375.00 | | | 375.00 |
| 4/27/09 | 606 | FLYNN, ROBERT F | Priority | Wage Claim | | 1,805.24 | | 1,805.24 |
| 3/23/09 | 104 | GENEVA ROBINSON | General Unsecured | Wage Claim | - | | | - |
| 4/22/09 | 505 | GOODWIN, STEPHEN J | Priority | Wage Claim | | 766.50 | | 766.50 |
| 3/31/09 | 83 | HOANG M TRAN | Priority | Wage Claim | | 2,561.00 | | 2,561.00 |
| 3/23/09 | 146 | JAMES D FARLEY | General Unsecured | Wage Claim | 875.00 | | | 875.00 |
| 3/17/09 | 46 | Kentucky Department of Revenue | General Unsecured | Tax Claim | 100.00 | | | 100.00 |
| 3/11/09 | 24 | Kentucky Department of Revenue | General Unsecured | Tax Claim | 441.86 | 17,158.69 | | 17,600.55 |
| 4/10/09 | 411 | KERRY PEAY | General Unsecured | Wage Claim | 600.00 | | | 600.00 |
| 4/24/09 | 670 | LEAL, THEODORE G | Priority | Wage Claim | | 1,544.92 | | 1,544.92 |
| 4/7/09 | 179 | MARISELA AMAYA | General Unsecured | Benefits Claim | 75.00 | | | 75.00 |
| 4/7/09 | 89 | NATIONAL HANGER COMPANY | General Unsecured | Trade Claim | 832.03 | | | 832.03 |
| 3/23/09 | 101 | PARISH OF ASCENSION | Secured | Tax Claim | | | 3,539.66 | 3,539.66 |
| 2/17/09 | 249 | Peyton C Cochrane Tax Collector | Secured | Tax Claim | | | 605.64 | 605.64 |
| 3/31/09 | 305 | PULASKI COUNTY TAX COLLECTOR | Priority | Tax Claim | | 5,047.53 | | 5,047.53 |
| 3/11/09 | 40 | Reuben C Thomas | Priority | Wage Claim | | 2,200.00 | | 2,200.00 |
| 4/24/09 | 661 | ROBERT F FLYNN | Priority | Wage Claim | | 1,805.24 | | 1,805.24 |
| 3/23/09 | 237 | SABASTIAN CO TAX COLLECTOR | Priority | Tax Claim | | 1,778.17 | | 1,778.17 |
| 4/9/09 | 397 | SHEIB, TINA A | Priority | Wage Claim | | 195.53 | | 195.53 |
| 4/9/09 | 396 | SHEIB, TINA A | Priority | Wage Claim | | 512.43 | | 512.43 |
| 4/14/09 | 442 | Shelby County Trustee | Secured | Tax Claim | | | 452.08 | 452.08 |
| 3/16/09 | 64 | Tennessee Department of Revenue | General Unsecured | Tax Claim | 1,362.38 | 18,323.90 | | 19,686.28 |
| 3/26/09 | 368 | Terence C Murphy | Secured | Wage Claim | | | 500.00 | 500.00 |
| 2/24/09 | 328 | Troy E Myers JR | Priority | Wage Claim | | 2,260.00 | | 2,260.00 |
| 4/28/09 | 698 | URSULA J CONNER | General Unsecured | Wage Claim | 1,178.33 | | | 1,178.33 |
| 4/10/09 | 414 | WATERS, MICHELLE M | Priority | Wage Claim | | 285.17 | | 285.17 |
| 4/10/09 | 413 | WATERS, MICHELLE M | Priority | Wage Claim | | 406.90 | | 406.90 |
| 4/20/09 | 491 | Williamson County Trustee | Secured | Tax Claim | | | 159.00 | 159.00 |
| 4/7/09 | 186 | WINGO, LEROY S II | Priority | Wage Claim | | 657.64 | | 657.64 |
| 4/7/09 | 184 | WINGO, LEROY S II | Priority | Wage Claim | | 1,094.69 | | 1,094.69 |

| | | | Expunged Claims | | | | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Claim Number | Name | Nature | ClaimType | General Unsecured | Priority | Secured | Total Claim Amount |
| 2/13/09 | 7 | City of Memphis TN | Secured | Tax Claim | | | $ 815.00 | $ 815.00 |
| 3/11/09 | 24 | Kentucky Department of Revenue | General Unsecured | Tax Claim | 441.86 | 17,158.69 | | 17,600.55 |
| 3/11/09 | 40 | Reuben C Thomas | Priority | Wage Claim | | 2,200.00 | | 2,200.00 |
| 3/17/09 | 46 | Kentucky Department of Revenue | General Unsecured | Tax Claim | 100.00 | | | 100.00 |
| 3/16/09 | 64 | Tennessee Department of Revenue | General Unsecured | Tax Claim | 1,362.38 | 18,323.90 | | 19,686.28 |
| 3/31/09 | 83 | HOANG M TRAN | Priority | Wage Claim | | 2,561.00 | | 2,561.00 |
| 4/7/09 | 89 | NATIONAL HANGER COMPANY | General Unsecured | Trade Claim | 832.03 | | | 832.03 |
| 3/23/09 | 101 | PARISH OF ASCENSION | Secured | Tax Claim | | | 3,539.66 | 3,539.66 |
| 3/23/09 | 104 | GENEVA ROBINSON | General Unsecured | Wage Claim | - | | | - |
| 3/23/09 | 146 | JAMES D FARLEY | General Unsecured | Wage Claim | 875.00 | | | 875.00 |
| 4/7/09 | 179 | MARISELA AMAYA | General Unsecured | Benefits Claim | 75.00 | | | 75.00 |
| 4/7/09 | 184 | WINGO, LEROY S II | Priority | Wage Claim | | 1,094.69 | | 1,094.69 |
| 4/7/09 | 186 | WINGO, LEROY S II | Priority | Wage Claim | | 657.64 | | 657.64 |
| 3/23/09 | 230 | CITY OF CHESAPEAKE | Priority | Tax Claim | | 1,718.60 | | 1,718.60 |
| 3/23/09 | 237 | SABASTIAN CO TAX COLLECTOR | Priority | Tax Claim | | 1,778.17 | | 1,778.17 |
| 2/17/09 | 249 | Peyton C Cochrane Tax Collector | Secured | Tax Claim | | | 605.64 | 605.64 |
| 3/31/09 | 305 | PULASKI COUNTY TAX COLLECTOR | Priority | Tax Claim | | 5,047.53 | | 5,047.53 |
| 2/24/09 | 328 | Troy E Myers JR | Priority | Wage Claim | | 2,260.00 | | 2,260.00 |
| 3/3/09 | 340 | Arkansas Dept of Finance and Admin | Priority | Tax Claim | | 1,094.00 | | 1,094.00 |
| 4/1/09 | 364 | Cumberland County Tax Collector | Priority | Tax Claim | | 460.48 | | 460.48 |
| 3/26/09 | 368 | Terence C Murphy | Secured | Wage Claim | | | 500.00 | 500.00 |
| 4/2/09 | 374 | DAVID W KURTZ | Priority | Wage Claim | | 114.98 | | 114.98 |
| 4/7/09 | 381 | BROWN, ADDIE M | General Unsecured | Wage Claim | - | | | - |
| 4/9/09 | 396 | SHEIB, TINA A | Priority | Wage Claim | | 512.43 | | 512.43 |
| 4/9/09 | 397 | SHEIB, TINA A | Priority | Wage Claim | | 195.53 | | 195.53 |
| 4/10/09 | 411 | KERRY PEAY | General Unsecured | Wage Claim | 600.00 | | | 600.00 |
| 4/10/09 | 413 | WATERS, MICHELLE M | Priority | Wage Claim | | 406.90 | | 406.90 |
| 4/10/09 | 414 | WATERS, MICHELLE M | Priority | Wage Claim | | 285.17 | | 285.17 |
| 4/13/09 | 427 | BECKER, ROBERT J | Priority | Wage Claim | | 500.00 | | 500.00 |
| 4/14/09 | 433 | CHARLES B BELCH | Priority | Wage Claim | | 696.38 | | 696.38 |
| 4/14/09 | 442 | Shelby County Trustee | Secured | Tax Claim | | | 452.08 | 452.08 |
| 4/20/09 | 483 | AMUNE, STELLA | Priority | Wage Claim | | 1,063.18 | | 1,063.18 |
| 4/20/09 | 491 | Williamson County Trustee | Secured | Tax Claim | | | 159.00 | 159.00 |
| 4/21/09 | 499 | BFI Waste Systems of North America LLC | General Unsecured | Utility Claim | 4,676.79 | | | 4,676.79 |
| 4/22/09 | 505 | GOODWIN, STEPHEN J | Priority | Wage Claim | | 766.50 | | 766.50 |
| 4/3/09 | 527 | Empire District | General Unsecured | Utility Claim | 375.00 | | | 375.00 |
| 3/17/09 | 528 | CITY OF ROCKY MOUNT | General Unsecured | Utility Claim | 1,828.00 | | | 1,828.00 |
| 4/27/09 | 606 | FLYNN, ROBERT F | Priority | Wage Claim | | 1,805.24 | | 1,805.24 |
| 4/24/09 | 661 | ROBERT F FLYNN | Priority | Wage Claim | | 1,805.24 | | 1,805.24 |
| 4/24/09 | 670 | LEAL, THEODORE G | Priority | Wage Claim | | 1,544.92 | | 1,544.92 |
| 4/28/09 | 698 | URSULA J CONNER | General Unsecured | Wage Claim | 1,178.33 | | | 1,178.33 |

Exhibit C - Claim No. Order