Lynn L. Tavenner (VSB No. 30083)
Paula S. Beran (VSB No. 34679)
TAVENNER & BERAN, PLC
20 North 8th Street, Second Floor
Richmond, VA 23219
Tel: (804) 783-8300
Fax: (804) 783-0178
Email:    ltavenner@tb-lawfirm.com
          pberan@tb-lawfirm.com


Attorneys for the Debtor in Possession

Jeffrey N. Pomerantz, Esq.
Shirley S. Cho, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email:    jpomerantz@pszjlaw.com
          scho@pszjlaw.com

-and-

Paul K. Campsen, Esq. (VSB No. 18133)
Dennis T. Lewandowski, Esq. (VSB No. 22232)
KAUFMAN & CANOLES, PC
150 W. Main Street, Suite 2100
Norfolk, VA 23514
Tel: (757) 624-3000
Fax: (757) 624-3169
Email:    pkcampsen@kaufcan.com
          dtlewand@kaufcan.com

Co-Counsel for the Official Committee of Unsecured
Creditors

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

-------------------------------------------------------x
In re:                                  :       Chapter 11
                                        :
S&K Famous Brands, Inc.,                :       Case No. 09-30805 (KRH)
                                        :
          Debtor.              :
-------------------------------------------------------x

**ORDER CONFIRMING PLAN OF LIQUIDATION UNDER CHAPTER 11
OF THE BANKRUPTCY CODE PROPOSED BY DEBTOR
AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Upon the Plan of Liquidation Under Chapter 11 of the Bankruptcy Code, the

Proposed by Debtor and Official Committee of Unsecured Creditors dated September 25, 2009

First Modified Plan of Liquidation under Chapter 11 of the Bankruptcy Code proposed by Debtor

and Official Committee of Unsecured Creditors dated December 7, 2009 (as may be further

modified from time to time, the "**Plan**"); and upon the Disclosure Statement for the Plan of

Liquidation Under Chapter 11 of the Bankruptcy Code Proposed by Debtor and Official

Committee of Unsecured Creditors dated September 25, 2009 (the "**Disclosure Statement**"); and

upon the October 27, 2009 hearing to approve the Disclosure Statement (the "**Disclosure**

**Statement Hearing**"); and upon that certain Order (A) Approving Disclosure Statement; (B)

Establishing a Voting Record Date; (C) Approving Solicitation Materials and Forms of Solicitation

Documents and Notices with Respect to the Plan; and (D) Establishing Notice and Objection

Procedures Associated with Confirmation of the Plan entered on October 28, 2009 (the

"**Disclosure Statement Order**"); and upon the declarations, certifications and related supplements

of Kurtzman Carson Consultants, LLC; and upon the (i) proffered testimony, affidavits,

declarations and exhibits admitted into evidence at the hearing held on December 8, 2009 to

consider confirmation of the Plan (the "**Confirmation Hearing**"), (ii) arguments of counsel

presented at the Confirmation Hearing, and (iii) objections filed with respect to confirmation of the

Plan (collectively, the "**Objections**"), the Debtor's responses thereto and upon the Court having

taken judicial notice of the docket of the Chapter 11 Case[1] maintained by the Clerk of the Court

and/or its duly appointed agent, and all pleadings and other documents filed, all orders entered, and

evidence and arguments made, proffered and adduced at, and the hearings held before the Court

during the pendency of the Chapter 11 Case, including, but not limited to, any order of the Court

establishing deadlines for filing proofs of claim in the Chapter 11 Case; and upon the Court having

found that due and proper notice has been given with respect to the Confirmation Hearing and the

deadlines and procedures for filing objections to the Plan; and upon the appearance of all interested

parties having been duly noted in the record of the Confirmation Hearing; and upon the record of

the Confirmation Hearing and the Chapter 11 Case, and after due deliberation thereon, and

sufficient cause appearing therefore;

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

IT IS HEREBY FOUND THAT:[2]

## JURISDICTION AND VENUE

A.     The Court has jurisdiction over this matter and the Chapter 11 Case pursuant to 28 U.S.C. § 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.     Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court has exclusive jurisdiction to determine whether the Plan should be confirmed under the applicable provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

## STANDARDS FOR CONFIRMATION
## UNDER SECTION 1129 OF THE BANKRUPTCY CODE

C.     <u>Section 1129(a)(1)</u>.  The Plan complies with each applicable provision of the Bankruptcy Code.  In particular, the Plan complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code as follows:

1.     In accordance with section 1122(a) of the Bankruptcy Code, Section 3.2 of the Plan classifies each Claim against and Equity Interest in the Debtor into a Class containing only substantially similar Claims or Equity Interests;

2.     In accordance with section 1123(a)(1) of the Bankruptcy Code, Section 3.2 of the Plan properly classifies all Claims and Equity Interests that require classification;

3.     In accordance with section 1123(a)(2) of the Bankruptcy Code, Article IV of the Plan properly specifies each Class of Claims that is not impaired under the Plan;

4.     In accordance with section 1123(a)(3) of the Bankruptcy Code, Article IV of the Plan properly specifies the treatment of each Class of Claims or Equity Interests that is impaired under the Plan;

---

[2]     The findings set forth herein and in the record of the Confirmation Hearing constitute this Court's findings of fact pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

5.      In accordance with section 1123(a)(4) of the Bankruptcy Code, the Plan provides the same treatment for each Claim or Equity Interest of a particular Class unless the holder of such a Claim or Equity Interest agrees to less favorable treatment;

6.      In accordance with section 1123(a)(5) of the Bankruptcy Code, Articles V, VI, VII, and VIII of the Plan provide adequate means for implementation of the Plan, including, without limitation, the provisions regarding cancellation of existing securities and agreements, termination of the authority, power, and incumbency of the Debtor's officers and directors, the liquidation of the Debtor, creation and funding of the Liquidating Trust, operations of the Liquidating Trust, and distribution of proceeds of the Liquidating Trust;

7.      In accordance with section 1123(a)(6) of the Bankruptcy Code, the Plan provides for the dissolution of the Debtor, thereby prohibiting the issuance of non-voting equity securities by the Debtor, and does not provide for the issuance of equity or other securities by the Liquidating Trust;

8.      In accordance with section 1123(a)(7) of the Bankruptcy Code, the provisions of the Plan regarding the manner of selection of the Liquidating Trustee, including, without limitation, the provisions of Sections 6.7 and 6.10 of the Plan, are consistent with the interests of the creditors and equity security holders and with public policy;

9.      In accordance with section 1123(b)(1) of the Bankruptcy Code, Article IV of the Plan impairs or leaves unimpaired, as the case may be, each Class of Claims and Equity Interests;

10.     In accordance with section 1123(b)(2) of the Bankruptcy Code, Article VIII of the Plan provides for the assumption, assumption and assignment or rejection of the Debtor's executory contracts and unexpired leases that have not been previously assumed, assumed and assigned or rejected pursuant to section 365 of the Bankruptcy Code and orders of this Court;

11.     In accordance with section 1123(b)(3) of the Bankruptcy Code, Section 6.5(A) of the Plan provides that, except as provided in the Plan, the Liquidating Trustee will retain, reserve and be entitled to assert any claims, demands, rights and causes of action that the Debtor had immediately prior to the Effective Date, to the extent not expressly released under the Plan or by any Final Order of this Court;

12.    In accordance with section 1123(b)(5) of the Bankruptcy Code, Section 4.1 of the Plan modifies or leaves unaffected, as the case may be, the rights of holders of Secured Claims;

13.    In accordance with section 1123(b)(6) of the Bankruptcy Code, the Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code.

D.    <u>Section 1129(a)(2)</u>.  The Proponents have complied with all applicable provisions of the Bankruptcy Code with respect to the Plan and the solicitation of acceptances or rejections thereof.  In particular, the Plan complies with the requirements of sections 1125 and 1126 of the Bankruptcy Code as follows:

1.    All persons entitled to receive notice of the Disclosure Statement, the Plan and the Confirmation Hearing have received proper, timely and adequate notice in accordance with the Disclosure Statement Order, applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "**Local Rules**"), and have had an opportunity to appear and be heard with respect thereto.

2.    The Proponents solicited votes with respect to the Plan in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order. Accordingly, the Proponents are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code, and the parties, entities and individuals set forth in Section 13.7 of the Plan are entitled to the protections afforded by the exculpation provision set forth therein.

3.    Claims in Classes 1, 2, and 3 under the Plan are unimpaired, and such Classes are deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

4.    The Plan was voted on by all Classes of impaired Claims that were entitled to vote pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order (<u>i.e.</u>, Classes 4 and 5).

5.    The Proponents have made a final determination of the validity of, and tabulation with respect to, all acceptances and rejections of the Plan by holders of Claims entitled to vote on the Plan, including the amount and number of accepting and rejecting Claims in Classes 4 and 5 under the Plan.

6.      Each of Classes 4 and 5 have accepted the Plan by at least two-thirds in amount and a majority in number of the Claims in such Classes actually voting and entitled to vote under section 1126 of the Bankruptcy Code and the applicable orders of the Court.

E.      Section 1129(a)(3).  The Plan has been proposed in good faith and not by any means forbidden by law.  In so finding, the Court has considered the totality of the circumstances of the Chapter 11 Case.  The Plan is the result of extensive, good faith, arm's length negotiations between the Debtor and certain of its principal constituencies, including the Creditors' Committee and their respective professionals during the Chapter 11 Case, and reflects substantial input from the principal constituencies having an interest in the Chapter 11 Case.

F.      Section 1129(a)(4).  No payment for services or costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been or will be made by the Debtor other than payments that have been or will be authorized by order of the Court.  Pursuant to Section 13.1(B) of the Plan, and except as otherwise provided herein, all Professional Fee Claims for services rendered before the Effective Date will be subject to review and approved by this Court.

G.      Section 1129(a)(5).  The identity and affiliation of the Liquidating Trustee has been disclosed in the Plan and the Trust Agreement.  The appointment of the Liquidating Trustee is consistent with the interests of the holders of Claims and Equity Interests and with public policy and is hereby approved.

H.      Section 1129(a)(6).  The Plan does not provide for any changes in rates that require regulatory approval of any governmental agency.

I.      Section 1129(a)(7).  Each holder of an impaired Claim or Equity Interest in each impaired Class of Claims or Equity Interests that has not accepted the Plan will, on account of such Claim or Equity Interest, receive or retain property under the Plan having a value, as of the

Effective Date, that is not less than the amount that such holder would have received or retained if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on the Effective Date.

J.   Section 1129(a)(8).  The Plan has not been accepted by all impaired Classes of Claims and Equity Interests because, pursuant to section 1126(g) of the Bankruptcy Code, the holders of Claims in Class 6 (Subordinated Claims) and the holders of Equity Interests in Class 7 (Equity Interests) are deemed to have rejected the Plan.  Nevertheless, the Plan is confirmable because it satisfies section 1129(b)(1) of the Bankruptcy Code with respect to such non-accepting Class of Claims and Class of Equity Interests.

K.   Section 1129(a)(9).  Except to the extent that the holder of a particular Claim has agreed to different treatment, the Plan provides treatment for Administrative Expense Claims, Priority Tax Claims, Fee Claims and Other Priority Claims that is consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code.

L.   Section 1129(a)(10).  The Plan has been accepted by Classes 4 and 5, which are all classes of impaired Claims that are entitled to vote on the Plan, determined without including any acceptance of the Plan by any insider.

M.   Section 1129(a)(11).  The Plan provides for the liquidation of the Debtor, thereby satisfying the requirement that confirmation not be followed by liquidation outside of the Plan.

N.   Section 1129(a)(12).  The Plan provides that all fees payable pursuant to section 1930 of title 28 of the United States Code, due and payable through the Effective Date, shall be paid by the Debtor on or before the Effective Date and amounts due thereafter shall be paid by the Liquidating Trust in the ordinary course until the entry of a final decree closing the Chapter 11 Case.

O.      Section 1129(a)(13).  The Debtor is not obligated to pay any "retiree

benefits," as defined in 11 U.S.C. § 1114(a), and 11 U.S.C. § 1129(a)(13) is therefore inapplicable.

P.      Section 1129(a)(14).  The Debtor is not obligated to pay "domestic support

obligations," as defined by 11 U.S.C. § 101(14A), and 11 U.S.C. § 1129(a)(14) is therefore

inapplicable.

Q.      Section 1129(a)(15).  The Debtor is not an individual, and 11 U.S.C. § 1129

(a)(15) is therefore inapplicable.

R.      Section 1129(a)(16).  All transfers of property of the Plan shall be made in

accordance with the applicable nonbankruptcy law, thus satisfying the requirements of 11 U.S.C.

§ 1129(a)(16).

S.      Section 1129(b).  The Plan does not "discriminate unfairly" and is "fair and

equitable" with respect to Class 6 and Class 7, which are impaired and deemed to reject the Plan.

The Plan does not discriminate unfairly with respect to such Classes because all Subordinated

Claims are included in Class 6, and there is no other Class of Equity Interests under the Plan that is

similarly situated to Class 7.  The Plan is "fair and equitable" with respect to such Class because it

does not provide a recovery on account of any Claim or Equity Interest that is junior to Class 6.

T.      Section 1129(c).  The Plan is the only plan that has been filed in the Chapter

11 Case that has been found to satisfy the requirements of subsections (a) and (b) of section 1129

of the Bankruptcy Code.  Accordingly, the Plan satisfies the requirements of section 1129(c) of the

Bankruptcy Code.

U.      Section 1129(d).  No party in interest including, but not limited to, any

Governmental Unit (as defined in section 101(27) of the Bankruptcy Code), has requested that the

Court deny confirmation of the Plan on grounds that the principal purpose of the Plan is the

avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933,

and the principal purpose of the Plan is not such avoidance.  Accordingly, the Plan satisfies the

requirements of section 1129(d) of the Bankruptcy Code.

   V.  <u>Section 1129(e)</u>.  The Debtor is not a "small business debtor," as defined by

11 U.S.C. § 101(51D), and Section 1129(e) is therefore inapplicable.

<b><u>INJUNCTION, RELEASE, AND EXCULPATION</u></b>

   W.  The injunction, release and exculpation provisions set forth in Sections

13.7, 13.8, and 13.9 of the Plan constitute good faith compromises and settlements of the matters

covered thereby.  Such compromises and settlements are made in exchange for consideration and

are in the best interests of the Debtor, its Estate and holders of Claims and Equity Interests, are

fair, equitable, and reasonable, are integral elements of the Plan, and meet the requirements of

Bankruptcy Rule 9019.  The failure to effect  the injunction, release, and exculpation provisions

described in Sections 13.7, 13.8, and 13.9 of the Plan would seriously impair the Proponents'

ability to confirm the Plan.  Each of the injunction, release, and exculpation provisions set forth in

the Plan is:

    (i)   within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), (b) and (d);

    (ii)   an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code;

    (iii)   an integral element of the settlements and transactions incorporated into the Plan;

    (iv)   important to the overall objectives of the Plan to maximize recovery for holders of Claims against the Debtor and, accordingly, is in the best interests of the Debtor, its Estate and the holders of Claims and Equity Interests; and

    (v)   consistent with sections 105, 1123 and 1129 of the Bankruptcy Code and applicable law.

It is hereby

ORDERED, ADJUDGED AND DECREED, that:

1.    The Plan and each of its provisions (whether or not specifically approved herein) are CONFIRMED in each and every respect, pursuant to section 1129 of the Bankruptcy Code.

2.    Any objections or responses to confirmation of the Plan and the reservation of rights contained therein that (a) have not been withdrawn, waived or settled prior to the entry of this Order, or (b) are not cured by the relief granted herein, are hereby OVERRULED in their entirety and on their merits, and all withdrawn objections or responses are hereby deemed withdrawn with prejudice.

3.    The Effective Date of the Plan shall occur on the first Business Day on which all conditions set forth in Section 9.1 of the Plan have been satisfied or, if applicable, have been waived in accordance with Section 9.1 of the Plan, and no stay of this Order is in effect.

4.    Subject to the provisions of Section 14.1 of the Plan, Bankruptcy Rule 3020(e) and section 1141(d)(3) of the Bankruptcy Code, in accordance with section 1141(a) of the Bankruptcy Code and notwithstanding any otherwise applicable law, upon the occurrence of the Effective Date, the terms of the Plan and this Order shall be binding upon, and inure to the benefit of, the Debtors, all holders of Claims and Equity Interests, and their respective successors and assigns.

5.    The transfer of the Assets of the Debtor and its Estate to the Liquidating Trust is an essential element of the Plan and is appropriate and in the best interests of the Debtor and its estate and creditors.  The appointment of KDW Restructuring & Liquidation Services LLC as Liquidating Trustee of the Liquidating Trust is approved.  The appointment of the Liquidating Trustee and the Oversight Committee, and the form of the proposed Liquidating Trust Agreement,

as the same may be subsequently amended or modified, is appropriate and in the best interests of the Debtor and its Estate and creditors.  Entry into the Liquidating Trust Agreement is in the best interests of the Debtor and its Estate and creditors.  On execution, the Liquidating Trust Agreement shall be valid, binding, and enforceable in accordance with its terms, and the Liquidating Trustee shall have all of the rights and powers set forth in the Liquidating Trust Agreement.

6.      Pursuant to Section 5.2 of the Plan, the Liquidating Trustee shall be required to post a bond for the performance of the Liquidating Trustee's duties in the amount of $4,000,000.00 (the "Bond") within five (5) Business Days after the Effective Date, provided, however, that the Oversight Committee may, without further Court order, agree to reduce the amount from time to time based upon the status of the administration of the Liquidating Trust.[3] The cost of the Bond shall be an expense of administration borne by the Liquidating Trust and shall be payable out of Trust assets.

A.      **Transfer of Estate Assets**

1.      On the Effective Date, the Debtor shall cause all of its Assets and the Assets of its Estate to be transferred to the Liquidating Trust in accordance with the Plan, which transfer shall include, but not be limited to, all of the Debtor's and the Estate's rights, claims and defenses with respect to any Cause of Action, including, without limitation, the right to commence, prosecute, settle, abandon and/or release any tax refund claims or Avoidance Actions.  Upon transfer of the Assets, the Debtor shall have no further duties or responsibilities in connection with the implementation of the Plan.

2.      As soon as practicable after the transfer of Assets to the Liquidating Trust, the Liquidating Trustee shall: (i) provide for the retention and storage of the books and records,

---

[3]      In computing any period of time prescribed or allowed by the Plan or this Order, the provisions of Bankruptcy Rule 9006(a) shall apply.

and files that shall have been delivered to the Liquidating Trust until such time as all such books,

records and files are no longer required to be retained under applicable law, and file a certificate

informing the Bankruptcy Court of the location at which such books, records, and files are being

stored, and (ii) file the necessary paperwork to effectuate the dissolution of the Debtor in

accordance with applicable law.

3.    Except as otherwise provided in the Plan, and in any contract, instrument or

other agreement or document created in connection with the Plan, on the Effective Date, the Equity

Interests and any other promissory notes, share certificates, whether for preferred or common stock

(including treasury stock), other instruments evidencing any Claims or Equity Interests, and all

options, warrants, calls, rights, puts, awards and commitments shall be deemed cancelled and of no

further force and effect, without any further act or action under any applicable agreement, law,

regulation, order, or rule, and the obligations of the Debtor under the notes, share certificates, and

other agreements and instruments governing such Claims and Equity Interests shall be released.

The holders of or parties to such cancelled notes, share certificates and other agreements and

instruments shall have no rights arising from or relating to such notes, share certificates and other

agreements and instruments or the cancellation thereof, except the rights provided pursuant to the

Plan.

4.    In accordance with section 1142 of the Bankruptcy Code, section 13.1-

604.1 of the Virginia Stock Corporation Act and any comparable provisions of the business

corporation law of any other state, this Order authorizes the Debtor, or the Liquidating Trustee, on

behalf of the Liquidating Trust, as applicable, to take or cause to be taken all corporate actions

necessary or appropriate to implement all provisions of, and to consummate, the Plan before, on,

and after the Effective Date without further action by the Court.  The Debtor's officers and the

12

Liquidating Trustee are authorized and empowered to do all things and to execute, deliver, file, and record all agreements, documents, instruments, notices and certificates as are contemplated by the Plan and to take all necessary or desirable action required in connection therewith, in the name of and on behalf of the Debtor and the Liquidating Trust.

5.       To the extent that, under applicable non-bankruptcy law, any of the actions necessary or appropriate to implement, effectuate and consummate the Plan, this Order or the transactions contemplated hereby or thereby would otherwise require the consent or approval of the stockholders or directors of the Debtor, this Order shall, pursuant to section 1142 of the Bankruptcy Code, constitute such consent or approval, and such actions are deemed to have been taken by unanimous action of the directors and stockholders of the Debtor.

6.       Each federal, state, commonwealth, local, foreign or other governmental agency is hereby directed and authorized to accept for filing and/or recording any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Order.

**B.       Preservation of Causes of Action / Compromise and Settlement of Claims**

1.       Upon the Effective Date, the Liquidating Trust shall be deemed to be a representative of the Debtor as the party in interest in the Chapter 11 Case, under the Plan or in any judicial proceeding or appeal as to which the Debtor is a party, consistent with section 1123(b)(3) of the Bankruptcy Code or any corresponding provision of similar federal or state laws. Except as expressly provided herein, and unless expressly waived, relinquished, exculpated, released, assigned, compromised or settled in the Plan, the Confirmation Order, any Final Order, or in any contract, instrument, release or other agreement entered into or delivered in connection with the Plan, the Liquidating Trust will exclusively retain and may enforce, and the Debtor expressly reserves and preserves for these purposes, in accordance with sections 1123(a)(5)(B) and 1123(b)

13

(3) of the Bankruptcy Code, any claims, demands, rights and Causes of Action that the Debtor or

the Estate may hold against any person or entity, including Avoidance Actions which include, but

are not limited to, those Causes of Action identified in the Plan Supplement, all of which shall vest

in the Liquidating Trust on the Effective Date.  The provisions regarding retained Causes of Action

in the Plan are appropriate and in the best interests of the Debtor, the Liquidating Trust, and the

holders of claims.  Accordingly, no preclusion doctrine, including, without limitation, the doctrines

of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable

or otherwise) or laches shall apply to such Causes of Action by virtue of or in connection with the

Confirmation or consummation of effectiveness of the Plan.  Pursuant to the terms of the

Liquidating Trust Agreement and this Plan, the Liquidating Trust or its respective successors and

assigns exclusively may pursue, settle, release, abandon, waive or compromise such retained

claims, demands, rights or Causes of Action.  Notwithstanding any state or federal law to the

contrary or anything herein, the Liquidating Trust itself shall have the capacity to sue and be sued,

and may alone be the named party plaintiff or defendant in all adversary proceedings, contested

matters, and other state and federal proceedings brought on its behalf or against it.  Causes of

Action and any recoveries therefrom shall remain the sole property of the Liquidating Trust and

shall be held for the sole benefit of the holders of claims.

> 2.      Pursuant to Bankruptcy Rule 9019 and in consideration for the Distributions

and other benefits provided under the Plan, the provisions of the Plan, including the releases set

forth herein, shall constitute a good faith compromise and settlement of all claims or controversies

relating to the rights that a holder of a Claim or Equity Interest may have with respect to any

Allowed Claim or Equity Interest or any Distribution to be made pursuant to the Plan on account

of any Allowed Claim.  The entry of the Confirmation Order shall constitute the compromise or

settlement of all such claims or controversies in accordance with this Court's finding that such compromise or settlement is in the best interests of the Debtor, the Estate and holders of Claims and Equity Interests, and is fair, equitable and reasonable.

**C.    Executory Contracts and Unexpired Leases**

1.    Except as otherwise provided in this Order or the Plan, this Order constitutes an order under Bankruptcy Code section 365 rejecting all executory contracts and unexpired leases to which the Debtor is a party unless such contract or lease: (i) was previously rejected or deemed rejected; (ii) was previously assumed or assumed and assigned; (iii) is the subject of a pending motion for assumption or assumption and assignment; or (iv) is an insurance agreement of the Debtor, including, without limitation, those insurance agreements identified in the Plan Supplement; provided, however, that the Plan Proponents may amend such exhibit at any time prior to the Confirmation Date; provided further however, that listing an insurance agreement on such exhibit shall not constitute an admission by the Debtor that such agreement is an executory contract or that any Debtor has any liability thereunder.

2.    Any Claims arising from the rejection of any executory contract by virtue of the entry of the Confirmation Order shall be forever barred unless a Rejection Claim relating thereto is Filed with the Bankruptcy Court within thirty (30) days after the Effective Date or within such further time as may be fixed by the Bankruptcy Court.  Any Rejection Claim arising from the rejection of an unexpired lease or executory contract not barred by section 8.1 of the Plan shall, to the extent Allowed, be classified in Class 4 as a General Unsecured Claim subject to the provisions of section 502 of the Bankruptcy Code.

3.    Except as otherwise provided herein or in the Plan, this Order constitutes an order under Bankruptcy Code section 365 assuming, as of the Effective Date, the Debtor's insurance agreements, including, without limitation, those insurance agreements identified in the

Plan Supplement; provided, however, that the Plan Proponents may amend such exhibit at any time

prior to the Confirmation Date; provided further however, that listing an insurance agreement on

such exhibit shall not constitute an admission by the Debtor that such agreement is an executory

contract or that the Debtor has any liability thereunder.

**D.      Claims Bar Dates**

      1.      The Administrative Claim Bar Date for the Filing of all Administrative

Claims (except for Section 503(b)(9) Claims) shall be thirty (30) days after the Effective Date.

Holders of asserted Administrative Claims, other than Professional Fee Claims and United States

Trustee fees, not paid prior to the Confirmation Date must submit proofs of Administrative Claim

on or before such Administrative Claim Bar Date or forever be barred from doing so.

      2.      All final requests for compensation or reimbursement of Professionals

pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code for services

rendered to the Debtor, the Creditors' Committee or the Estate prior to the Effective Date must be

Filed and served on the Debtor, its counsel, and counsel to the Creditors' Committee no later than

forty-five (45) days following the Confirmation Date, unless otherwise ordered by the Bankruptcy

Court.  Objections to applications of such Professionals or other entities for compensation or

reimbursement of expenses must be Filed and served on the Debtor, its counsel, counsel to the

Creditors' Committee, and the requesting Professional or other Person no later than twenty (20)

days (or such shorter period as may be allowed by order of the Bankruptcy Court) after the date on

which the applicable application for compensation or reimbursement was served.

**E.      Exculpation, Release, and Injunction**

      1.      The exculpation, release, and injunction provisions in sections 13.7, 13.8,

and 13.9 of the Plan are approved in their entirety.

2.      Except as otherwise provided in the Plan, neither the Creditors' Committee, the Liquidating Trustee, the Oversight Committee, the Debtor, nor any of their respective present or former members, officers, directors, employees, general or limited partners, consultants, advisors, attorneys, or agents, shall have or incur any liability to any holder of a Claim or an Equity Interest, or any other party-in-interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Filing and administration of the Chapter 11 Case, the pursuit of Confirmation of the Plan, the Disclosure Statement, the consummation of the Plan, the Liquidating Trust Agreement, or the administration of the Plan or the property to be distributed under the Plan.

3.      Except as otherwise provided in the Plan, the rights afforded in the Plan and the treatment of all Claims and Equity Interests in the Plan shall be in exchange for and in complete satisfaction, and release of Claims and Equity Interests of any nature whatsoever, including any interest accrued on such Claims, from and after the Petition Date, against the Debtor, any of its Assets and the Debtor's Estate.  Except as otherwise provided in the Plan: (i) on the Effective Date, all Claims against the Debtor will be deemed satisfied and released in full, and (ii) all entities shall be precluded from asserting against the Liquidating Trustee, the Debtor and the Estate, their respective successors or assigns, or the Assets, any other or further Claims or Equity Interests that arose prior to the Confirmation Date.  This Order constitutes a judicial determination of release of all liabilities of the Debtor, subject to the occurrence of the Effective Date.  Except as otherwise provided in the Plan, neither the Plan, nor entry of the Confirmation Order, nor any failure to object to a Claim, shall have any res judicata, estoppel, or other preclusive effect as to the

Debtor, the Liquidating Trustee, or their successors or assigns, with respect to any Cause of Action against any party.

4.    Except as provided in the Plan or the Confirmation Order, including, but not limited to section 7.5 of the Plan, as of the Effective Date, all entities that have held, currently hold or may hold a Claim or other debt or liability that would be discharged upon Confirmation but for the provision of section 1141(d)(3) of the Bankruptcy Code or an Equity Interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan will be permanently enjoined from taking any of the following actions on account of any such Claims, debts or liabilities or terminated Equity Interests or rights: (1) commencing or continuing in any manner any action or other proceeding against the Debtor, the Estate, the Creditors' Committee, the Liquidating Trustee, and/or the Liquidating Trust, other than to enforce against the Liquidating Trust any right to a Distribution pursuant to the Plan; (2) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order against the Debtor, the Estate, the Creditors' Committee, the Liquidating Trustee, and/or the Liquidating Trust, other than as permitted pursuant to clause (1) above; (3) creating, perfecting, or enforcing any Lien or encumbrance against the Debtor, the Estate, the Creditors' Committee, the Liquidating Trustee, and/or the Liquidating Trust; and (4) commencing or continuing any action, in any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan, including, without limitation, section 13.7 of the Plan.

5.    As of the Effective Date, all entities that have held, currently hold, or may hold any Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities that are released pursuant to the Plan will be permanently enjoined from taking any of the following actions against the Debtor, the Estate, the Creditors' Committee, the Liquidating

Trustee, the Liquidating Trust, and/or their respective property on account of such released Claims,

obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities: (1)

commencing or continuing in any manner any action or other proceeding; (2) enforcing, attaching,

collecting or recovering in any manner any judgment, award, decree or order; (3) creating,

perfecting or enforcing any Lien or encumbrance; and (4) commencing or continuing any action, in

any manner, in any place that does not comply with or is inconsistent with the provisions of the

Plan.

**F.      Stay of Confirmation Order Waived**

        1.      The provisions of Rule 62 of the Federal Rules of Civil Procedure, as

applicable pursuant to Bankruptcy Rule 7062, and Bankruptcy Rule 3020(e) shall not apply to this

Order, and the Debtor is authorized to consummate the Plan immediately upon entry of this Order

in accordance with the terms of the Plan. The period in which an appeal with respect to this Order

must be filed shall commence immediately upon the entry of this Order.

**G.      Binding Effect of Prior Orders**

        1.      Pursuant to section 1141 of the Bankruptcy Code, effective as of and

subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Order,

all prior orders entered in the Chapter 11 Case, all documents and agreements executed by the

Debtor as authorized and directed thereunder, and all motions or requests for relief by the Debtor

pending before this Court as of the Effective Date shall be binding upon and shall inure to the

benefit of the Debtor, the Liquidating Trust, and the Liquidating Trustee.

**H.      Notice of Confirmation of the Plan**

        1.      Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c)(2), the Debtor is

directed to serve a notice of the entry of this Order (the "**Confirmation Notice**") on all parties that

received the Confirmation Hearing Notice no later than thirty (30) days after the Confirmation

Date; provided, however that the Debtor shall be obligated to serve the Confirmation Notice only

on the record holders of Claims or Equity Interests as of the Confirmation Date.  As soon as

practicable, the Debtor shall make copies of this Order and the Confirmation Notice available on

the website of the Claims Agent.

**I.      Miscellaneous Provisions**

   1. At any time after the Confirmation Date, but before the Effective Date, the

Proponents may modify the Plan without the approval of the Bankruptcy Court, provided that such

modification does not materially or adversely affect the interest of holders of Claims, but only so

as to remedy any defect or omission, or reconcile any inconsistencies in the Plan or in the

Confirmation Order, as such matters may be necessary to carry out the purposes, intent and effect

of the Plan.

   2. Failure specifically to include or reference particular sections or provisions

of the Plan or any related agreement in this Order shall not diminish or impair the effectiveness of

such sections or provisions, it being the intent of the Court that the Plan be confirmed and such

related agreements be approved in their entirety.

   3. Any document related to the Plan that refers to a plan of liquidation of the

Debtor other than the Plan confirmed by this Order shall be, and it hereby is, deemed to be

modified such that the reference to a plan of liquidation of the Debtor in such document shall mean

the Plan confirmed by this Order, as appropriate.

   4. In the event of an inconsistency between the Plan, the Disclosure Statement,

the Plan Documents, any exhibit to the Plan or any other instrument or document created or

executed pursuant to the Plan, the provisions of the Plan shall govern. In the event of any

inconsistency between the Plan or any agreement, instrument, or document intended to implement

the Plan, on the one hand, and this Order, on the other, the provisions of this Order shall govern.

5.    Subject to applicable law, if any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the receipt of written notice of any such order by the Debtor, the Committee, the Liquidating Trust, or the Liquidating Trustee, as applicable. Notwithstanding such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Plan and all documents related to the Plan and any amendments or modifications to any of the foregoing.

6.    Notwithstanding the entry of this Order, from and after the Effective Date, the Court shall retain such jurisdiction as is legally permissible, including exclusive jurisdiction over all matters arising in, arising under, or related to the Chapter 11 Case, as set forth in Article XII of the Plan.

Dated:    Richmond, Virginia
          December __, 2009

_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

_____/s/ Paula S. Beran_____
Lynn L. Tavenner (VSB No. 30083)
Paula S. Beran (VSB No. 34679)
TAVENNER & BERAN, PLC
20 North 8th Street, Second Floor
Richmond, VA 23219
Tel: (804) 783-8300
Fax: (804) 783-0178
Email:  ltavenner@tb-lawfirm.com
        pberan@tb-lawfirm.com

Attorneys for the Debtor in Possession

-and-

_____/s/ Jeffrey N. Pomerantz (via email dated 12/21/09)_
Jeffrey N. Pomerantz, Esq.
Shirley S. Cho, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email:  jpomerantz@pszjlaw.com
        scho@pszjlaw.com

-and-

Paul K. Campsen, Esq. (VSB No. 18133)
Dennis T. Lewandowski, Esq. (VSB No. 22232)
KAUFMAN & CANOLES, PC
150 W. Main Street, Suite 2100
Norfolk, VA 23514
Tel: (757) 624-3000
Fax: (757) 624-3169
Email:  pkcampsen@kaufcan.com
        dtlewand@kaufcan.com

Co-Counsel for the Official Committee of Unsecured Creditors

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

I hereby certify that the foregoing proposed order has been endorsed by all necessary parties.

_____/s/ Paula  S. Beran_____

\10195625.8