Lynn L. Tavenner (VSB No. 30083)
Paula S. Beran (VSB No. 34679)
TAVENNER & BERAN, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

   -and -

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Shirley S. Cho (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Attorneys for S&K Famous Brands, Inc. Liquidating Trust

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------x
In re                                        :        Chapter 11
                                            :
S & K Famous Brands, Inc.,        :        Case No. 09-30805 (KRH)
                                            :
         Debtor.        :
---------------------------------------------------------x

**ORDER ESTABLISHING PROCEDURES FOR**
**AVOIDANCE ACTION ADVERSARY PROCEEDINGS**

Upon the Motion (the "Motion")[1] of the S&K Famous Brands, Inc. Liquidating Trust (the "Trust" and/or "Liquidating Trust") for an Order Establishing Procedures for Avoidance Action Adversary Proceedings, and the Court having reviewed the Motion, and noting that the Debtors support the relief requested therein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estates, its creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

.1    The Motion is GRANTED, and the procedures set forth in Exhibit A to this Order (the "Avoidance Action Adversary Proceeding Procedures") are hereby approved and shall govern the Adversary Proceedings, effective as of the date of this Order.

.2    The Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules shall apply to the Adversary Proceedings, except to the extent that they conflicts with the Avoidance Action Adversary Proceeding Procedures.

.3    The establishment of the Avoidance Action Adversary Proceeding Procedures is without prejudice for any party, on a case by case basis, to seek relief for cause from the same on an expedited basis

.4    The time periods set forth in this Order and the Avoidance Action Adversary Proceeding Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

.5    The requirement under Local Bankruptcy Rule 9013-1 (G) to file a memorandum of law in connection with the Motion is hereby waived.

.6    Adequate notice of the relief sought in the Motion has been given and no further notice is required.

.7    The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: Richmond, Virginia
January__, 2011

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

_____*/s/ Paula S. Beran*_____
Lynn L. Tavenner (VSB No. 30083)
Paula S. Beran (VSB No. 34679)
TAVENNER & BERAN, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
(804) 783-8300

Attorneys for S&K Famous Brands, Inc. Liquidating Trust

## **CERTIFICATION**

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

_____*/s/ Paula S. Beran*_____
Paula S. Beran (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

## EXHIBIT A

Avoidance Action Adversary Proceedings Procedures

Lynn L. Tavenner (VSB No. 30083)
Paula S. Beran (VSB No. 34679)
TAVENNER & BERAN, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

-and -

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Shirley S. Cho (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Attorneys for S&K Famous Brands, Inc. Liquidating Trust

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------x
In re                                              :         Chapter 11
                                                   :
S & K Famous Brands, Inc.,                         :         Case No. 09-30805 (KRH)
                                                   :
          Debtor.            :
---------------------------------------------------------x

## AVOIDANCE ACTION ADVERSARY PROCEEDINGS PROCEDURES

These Avoidance Action Adversary Proceedings Procedures have been approved by the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") in the above-captioned bankruptcy case. Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Motion of the S&K Famous Brands, Inc. Liquidating Trust for an order establishing procedures for avoidance action adversary proceedings (the "Motion")[Docket # _____]. The Court approved these Procedures by order dated January __, 2011, entitled *Order Establishing Procedures for Avoidance Action Adversary Proceedings* (the "Order").

5

These Procedures apply to all of the several hundred Adversary Proceedings that the Liquidating Trust anticipates filing between the date of this Order and February 9, 2011. The procedures will not be applicable to actions filed by the Liquidating Trust after February 9, 2011, unless the Court orders otherwise after application therefore by the Liquidating Trust.

A. **Case-Specific Summons.** The summons issued for each Adversary Proceeding will vary from the Court's standard form and will be an "Answer Only" summons. The summons will inform the defendant that it has thirty days from the date of service of the summons (rather than the date of issuance) to respond to the complaint. The summons will not set a pretrial conference date; any pretrial or other scheduling conference will be set only after the completion of the mediation procedures described below unless otherwise ordered by the Court.

B. **Extension of Time by Which Plaintiff must Serve the Summons.** The time period under Federal Rule of Civil Procedure 4, made applicable to the Adversary Proceedings pursuant to Bankruptcy Rule 7004, by which the plaintiff must serve the summonses and complaints in the Adversary Proceedings on defendants in the United States shall be extended by 30 days, without prejudice to the plaintiff to seek further extensions of time for cause shown. The Liquidating Trust should, however, endeavor to serve the summons and complaints as promptly as practicable after issuance of the summons.

C. **Stipulation to Extend time for Defendants to Respond to the Complaint.** Without further order of the Court, the parties may stipulate to one extension of the time by no more than thirty (30) days within which a defendant must respond to a complaint. The stipulation must be in writing to be binding on the plaintiff. Any further or longer extensions of time will require Court approval.

D.      **Stay of Requirement to Conduct Scheduling Conference.**  Federal Rule of Civil Procedure 26(f), applicable to the Adversary Proceedings pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan) shall be stayed with respect to the Adversary Proceedings.  Upon the filing of the Mediator's Report (as described below) with respect to each Adversary Proceeding that is not resolved through the Mediation Process (as described below) or otherwise, the parties shall conduct a Rule 26(f) conference and submit a discovery scheduling order (the "Scheduling Order") to the Court prior to the date set for the Pretrial Scheduling Conference (as described below).

E.      **Stay of Discovery.**  The parties' obligations to conduct formal discovery in each Adversary Proceeding Action shall be stayed until the Scheduling Order is entered provided that the stay of discovery shall in no way preclude the parties from informally exchanging documents and information in an attempt to resolve an Adversary Proceeding in advance of, or during, the Mediation Process.

F.      **Mandatory Mediation Process.**  Mediation will be required in all Adversary Proceedings in accordance with the following procedures and timetable:

   1.   Within sixty (60) days after the defendant has filed its response to the complaint, the parties must have commenced the mediation process by having (a) selected a mutually agreeable mediator from the list of mediators attached hereto as Exhibit A, (b) agreed in writing to the terms of the mediator, including as to compensation, and (c) scheduled a date for the mediation.  If any defendant does not timely select a mediator, then the plaintiff shall promptly (i) assign a mediator to the case and (ii) so notify the defendant.  If the parties cannot agree on a mediator, the defendant's selection shall be the mediator.  Each mediator selected by this process shall hereafter be referred to as the "Mediator."

7

2. At least ten (10) days prior to the scheduled mediation, the parties shall exchange position statements and submit the statements to the Mediator. Unless agreed in writing by both parties and the Mediator, the position statements shall not exceed seven (7) pages double-spaced (exclusive of exhibits and schedules). The Mediator may also require the parties to provide to the Mediator any relevant papers and exhibits, and a settlement proposal.

3. The Mediator's fees shall be split equally by the parties, and payment arrangements satisfactory to the Mediator must be completed prior to the commencement of the mediation.

4. The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations. The Mediator may implement additional procedures which are reasonable and practical under the circumstances.

5. The parties will participate in the mediation, as scheduled and presided over by the Mediator, in good faith and with a view toward reaching a consensual resolution. At least one counsel for each party and a representative of each party having full settlement authority shall attend the mediation in person provided, however, that a Mediator, in his or her discretion, may allow a party representative to appear telephonically.

6. The length of time necessary to effectively complete the mediation will be within the Mediator's discretion. The Mediator may also adjourn a mediation that has been commenced if the Mediator determines that an adjournment is in the best interests of the parties.

7. All proceedings and writings incident to the mediation will be considered privileged and confidential, and shall not be reported or admitted in evidence for any

reason whatsoever. Nothing stated or exchanged during a mediation shall operate as an admission of liability, wrongdoing or responsibility.

8.  The mediation must be concluded no later than 120 days after the date on which the defendant has filed its response to the complaint.

9.  If a party (a) fails to submit the required submissions as provided in these Mediation Procedures or as may be agreed to by the mediator or ordered by the Court, or (b) fails to attend the mediation as required, then the non-defaulting party may file a motion for default judgment or a motion to dismiss the Adversary Proceeding.

10. Within ten (10) days after the conclusion of the mediation, the Mediator will file a report, drafted with the caption of the Adversary Proceeding, which need only state (a) the date that the mediation took place, (b) the names of the parties and counsel that appeared at the mediation, and (c) whether or not the applicable Adversary Proceeding settled (the "Mediator's Report").

11. If an Adversary Proceeding has not settled, then the plaintiff must file with the Court, and serve on the defendant, a notice of Pretrial Scheduling Conference to take place in the Adversary Proceeding at the next scheduled Omnibus Hearing, provided however, that a minimum of fourteen (14) days notice of the Pre-Trial Scheduling Conference is required.

**G.    Pretrial Scheduling Conferences/Motion Hearing Dates.**  The Court will schedule regular Omnibus Hearing dates in the bankruptcy case, on which dates any post-mediation Pretrial scheduling conferences in the Adversary Proceedings will take place. Any pretrial motions filed by the parties in the Adversary Proceedings must be set for hearing after the

9

filing of the Mediator's Report on one of the Omnibus hearing dates or unless otherwise ordered by the Court.

H. **Motions affecting all Adversary Proceedings.** Any motions filed by the Liquidating Trust that affect all of the Adversary Proceedings may and should be filed in the bankruptcy case, and not in each separately docketed Adversary Proceeding provided, however, that each defendant shall receive notice of the filing of the same.

I. **Application of Existing Case Management Orders.** The Court's February 10, 2009 *Order Pursuant To Bankruptcy Code Sections 102 And 105, Bankruptcy Rules 2002 And 9007, And Local Bankruptcy Rules 2002-1 And 9013-1, Establishing Certain Notice, Case Management, And Administrative Procedures* [Docket No. 51] (the "Case Management Order"), remain in full force and effect.

J. **Notice of these Special Procedures.** A copy of these Procedures will be served on each defendant with the summons and complaint in each Adversary Proceeding.

Dated:  Richmond, Virginia
       January __, 2011

Respectfully submitted,

_____
Lynn L. Tavenner (VSB No. 30083)
Paula S. Beran (VSB No. 34679)
TAVENNER & BERAN, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone:  (804) 783-8300
Facsimile: (804) 783-0178

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Shirley S. Cho (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067-4100
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760

                                            Attorneys for S&K Famous Brands, Inc. Liquidating Trust

**EXHIBIT A TO AVOIDANCE ACTION ADVERSARY PROCEEDINGS PROCEDURES**

**(Approved List of Mediators)**

Lynn L. Tavenner (VSB No. 30083)
Paula S. Beran (VSB No. 34679)
TAVENNER & BERAN, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

    -and -

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Shirley S. Cho (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Attorneys for S&K Famous Brands, Inc. Liquidating Trust

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------x
In re                                     :    Chapter 11
                                          :
S & K Famous Brands, Inc.,                :    Case No. 09-30805 (KRH)
                                          :
        Debtor.        :
---------------------------------------------------------x

## **LIST OF APPROVED MEDIATORS**

    Tyler P. Brown, Esquire
    Hunton & Williams
    Richmond, Virginia

    Karen M. Crowley, Esquire
    Crowley, Liberatore & Ryan, P.C.
    Chesapeake, Virginia

    Keith L. Phillips, Esquire
    Phillips & Fleckenstein, P.C.
    Richmond, Virginia

    Lawrence E. Rifken, Esquire
    Greenberg Traurig
    McLean, Virginia

    William H. Schwarzschild, III
    Williams Mullen
    Richmond, Virginia